Filed 10/24/13  P. v. Garcia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN ENRIQUE GARCIA,<br><br>    Defendant and Appellant. | G047939<br><br>(Super. Ct. No. 99NF0601)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*     \*     \*

Appellant Juan Enrique Garcia was convicted in 2000 of attempted murder. The jury also found true allegations that he had personally used a firearm, personally inflicted great bodily injury, and committed the offense for the benefit of a criminal street

gang.  He was sentenced to life with the possibility of parole for the attempted murder and 25 years to life, consecutive, for the personal use of a firearm in the crime. Punishment for the other enhancements was stricken in the interests of justice.

Garcia appealed his conviction on the basis his confession was illegally obtained under *Miranda* v. *Arizona* (1966) 384 U.S. 436, and that his attorney was ineffective and should have been relieved after a *Marsden* hearing.  (See *People v. Marsden* (1970) 2 Cal.3d 118.)  We found no basis for reversal and affirmed his conviction.

On November 6, 2012, the voters of this state enacted Proposition 36, which amended the Three Strikes Law and enabled a prisoner serving an indeterminate sentence with two prior strike convictions to petition for resentencing if his or her current conviction was not for a serious felony conviction.  Proposition 36 was enacted into law as Penal Code section 1170.126.

Appellant petitioned for relief under this provision, despite the fact he was incarcerated for a serious felony, listed in Penal Code section 1192.7.  For this reason, his petition was denied.

Appellant Garcia appealed, and we appointed counsel to represent him. Counsel did not argue against his client, but advised this court he could find no issues to argue on appellant's behalf.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel filed a brief which set forth the facts of the case, its procedural history, and the only conceivable appellate issue in an appeal from a denial of a petition pursuant to Penal Code section 1170.126 case:  the applicability of Penal Code section 1170.126 to appellant.  Appellant was given 30 days to file written argument in his own behalf, and filed a brief requesting a "reassignment of counsel on appeal" and asserting that while he did not know the law, he was convinced his attorney had not worked hard enough on this appeal.

This, of course, was not the subject of his appeal or his petition below, but it is conceivably something we could grant if we were provided evidentiary and/or

theoretical support for it. We see no reason for it, however, since the ruling of the trial court – denying his petition because relief pursuant to Penal Code section 1170.126 was not available to him – is correct, and new counsel could do nothing to change that.

The trial court's ruling on the merits of the petition filed by appellant is unassailable. That is why his attorney filed a *Wende* brief. Appellant sought relief under Penal Code section 1170.126. He is not eligible for such relief and both the court below and appellate counsel recognized that fact. We have reviewed the record and cannot conceive of any issue that could be raised on this appeal by present counsel or replacement counsel that would have any chance of success. If there is another basis for relief, not reflected in this record, it would have to be raised by way of a habeas corpus petition asserting the nature of the relief sought, the error complained of, and why it was not raised in the initial appeal from appellant's conviction or the decade since. But in this case, appointment of a new attorney would accomplish nothing, and we must deny that request.

The judgment is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.